UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

TYRONE DOBBINSON, KEVIN HODGE, KHALIL ISLAM, BRUCE LEE, VALERIE LEWIS, and PRESTON MITCHELL,

Plaintiffs,

- against -

ALLAN PARHAM, SHAWN PARHAM, MARK KING, and ALWAYS READY & RELIABLE SECURITY INC.,

Defendants.

----------------------------------------X

14 Civ. 8620 (RWS)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/15

A P P E A R A N C E S:

<u>Attorneys for the Plaintiffs</u>

SLATER SLATER SCHULMAN LLP
445 Broad Hollow Road
Melville, NY 11747
By: Adam Paul Slater, Esq.
Anthony R. Portesy, Esq.

**Sweet, D.J.,**

Plaintiffs Tyrone Dobbinson, Kevin Hodge, Khalil Islam, Bruce Lee, Valerie Lewis, and Preston Mitchell (collectively, the "Plaintiffs") have moved for a default judgment against defendants Allan Parham, Shawn Parham, Mark King, and Always Ready & Reliable Security Inc. ("Always Ready," collectively with the individual defendants, the "Defendants"). For the reasons set forth below, the motion is granted.

**Prior Proceedings**

Plaintiffs brought this case on October 29, 2014, alleging that the defendants, Always Ready and three of its owners, had filed to pay overtime and provide appropriate wage documentation, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (See generally, Complaint, Dkt. No. 1.) On March 16, 2015, the Court dismissed the case for failure to serve the defendants within 120 days (See Dkt. No. 3), but Plaintiffs responded with a letter to the court four days later, attaching affidavits of service stating that the individual defendants had been served by leaving a summons and complaint with a "John Doe Business Associate," a person of suitable age and discretion, and that the corporate

defendant had been served via the Secretary of State. (Dkt. No. 4.) The Court then reopened the case. (Id.) On May 11, 2015, Defendant Allan Parham faxed a letter to the Court on Always Ready letterhead, requesting an extension of time to obtain counsel and respond to the lawsuit. (See Dkt. No. 6.) The Court granted the request on May 13, 2015, giving Parham an additional 30 days. (Id.)

On August 18, 2015, Plaintiffs filed a Request to Enter Default (Dkt. No. 13), and the Clerk issued a Certificate of Default the following day. (Dkt. No. 15.) Plaintiffs filed the instant motion for a default judgment on August 20, 2015. (Dkt. No. 16.) The motion was heard on September 23, 2015, without opposition. (See Dkt. No. 25.) Outside of Allan Parham's May 11 letter to the Court, Defendants have not taken part in the case in any way.

**Applicable Standard**

When a defendant defaults, the Court accepts all well-pleaded allegations against him as true for the purposes of determining liability. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). A default does not admit any conclusions of law, however, and the court must determine whether the facts in the complaint are sufficient to sustain a judgment. In re

Indus. Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000). A default also does not establish an amount of damages, which must be determined via a separate proceeding. Finkel, 577 F.3d at 83 n.6. Where a plaintiff submits documentary evidence of damages and a defendant does not submit a response, an evidentiary hearing is unnecessary and damages can be established based on the papers alone. See id.

**The Complaint Is Sufficient to Support a Default Judgment**

Even after a default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Industrial Diamonds, 119 F. Supp. 2d at 420. The Plaintiffs' Complaint alleges four causes of action: 1) failure to pay overtime wages as required by the FLSA, 2) failure to pay overtime wages as required by the NYLL, 3) failure to pay extra compensation for hours worked over ten per day, as required by the NYLL, and 4) failure to provide wage statements, as required by the NYLL. (Complaint, Dkt. No. 1 ¶¶ 83-112.) The facts alleged in the Complaint are sufficient to support a judgment for each of the four causes of action.

On the overtime claims, both federal and state law require that an employee be paid at a rate not less than one-and-a-half

times the regular rate for any time worked beyond the first 40 hours in a week. Yuquilema v. Manhattan's Hero Corp., No. 13 Civ. 461, 2014 WL 4207106, at *3 (S.D.N.Y. Aug. 26, 2014) (citing 29 U.S.C. § 207(a)(1) for the standard under the FLSA and 12 NYCRR 142-2.2 to establish that state law follows the FLSA standard). The Plaintiffs have alleged that they worked more than 40 hours per week throughout the time period in question (Complaint ¶ 49), that Defendants did not pay them the required extra compensation for those overtime hours (Complaint ¶ 50-51), that Defendants had supervisory responsibilities and powers sufficient to qualify as employers under the FLSA's broad "economic reality test" (Complaint ¶¶ 29-32; see Carter v. Dutchess Cmty Coll., 735 F. 2d 8, 12 (2d Cir. 1984)), and that the Plaintiffs are not exempt from the FLSA and NYLL overtime pay provisions because they were paid on an hourly basis and did not have the hiring and firing powers that would qualify them as exempt supervisors. (Complaint ¶¶ 27-28, 45-46; see Torres v. Gristede's Operating Corp., No. 04 Civ. 3316, 2006 WL 2819730, at *6 (S.D.N.Y. Sept. 29, 2006)). Therefore the facts, established as true by virtue of the Defendants' default, are sufficient to establish liability for failure to pay overtime under the FLSA and NYLL.

Plaintiffs' "spread of hours" claim is based on a state law provision that requires employers to provide an extra hour of

pay at minimum wage for every hour an employee works above ten per day. 12 NYCRR 142-2.4; see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 241-42 (2d Cir. 2011). Since Plaintiffs allege that they regularly worked more than ten hours per workday, but did not receive extra compensation for doing so (Complaint ¶¶ 52-55), their allegations, which are established as true because of the default, are sufficient to establish liability on this cause of action.

Lastly, Plaintiffs' Complaint includes a cause of action under the New York Wage Theft Prevention Act, which requires that employers give each employee a statement with each paycheck containing the dates of work covered, the rate of pay, deductions and allowances, net wages, and other basic information regarding employment and payment. N.Y. Labor Law § 195(3). Since Plaintiffs allege that they never received the required statements (Complaint ¶ 57, 111), those allegations, established as true because of the default, are sufficient for liability.

In sum, the Plaintiffs' Complaint contains sufficient factual information to support the four causes of action asserted. Since the facts in the complaint are accepted as true after the Defendants' default, Finkel, 577 F.3d at 83 n.6, the Defendants' liability is established.

**Default Judgment is Awarded for $158,087.73**

The amount of damages may be determined based on affidavits submitted by the Plaintiffs, without an in-person court hearing, as long as the Court determines that there is a basis for the damages asserted. Zhen Ming Chen v. New Fresco Tortillas Taco LLC, No. 15 Civ. 2158, 2015 WL 5521782, at *2 (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F. 3d 105, 111 (2d Cir. 1997)). In a wage-and-hour case such as this one, where the Defendants have not submitted any sort of rebuttal, the plaintiffs' recollection and estimate of hours worked is presumed to be correct. Id. (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) and Grochowski v. Phoenix Constr., 318 F.3d 80, 87-88 (2d Cir. 2003)). The Court has reviewed the affirmations submitted by the Plaintiffs (Dkt. Nos. 19-24) and while they "leave[] something to be desired in terms of the level of detail provided," id., the Court nonetheless accepts the estimates contained within them as true.

Also leaving something to be desired are the spreadsheets provided by Plaintiffs' counsel estimating the damages to which each plaintiff is entitled. (Dkt. No. 17, Ex. C.) Although the spreadsheets show the arithmetic used to calculate the amount of overtime pay owed, the amount of liquidated damages claimed, and

the amount of interest sought, neither the Plaintiff's brief nor the Affidavit of Anthony Portesy, to which the spreadsheets are attached, explain which legal claims the asserted damages are based on.

From what the Court can discern, the amount of overtime pay owed per hour was calculated by taking each plaintiff's hourly rate of pay and multiplying it by 50% (the 150% rate required by the FLSA and NYLL, reduced because the plaintiffs received their regular hourly pay). Each of the plaintiffs specified a range of hours that he or she would work during an average week (e.g., Decl. of Tyrone Dobbinson, Dkt. No. 19 ¶ 8); and the range appears to have been averaged for the purposes of calculating the amount of overtime pay owed. The amount of underpayment per hour of overtime was multiplied by the number of hours over 40 per week, and then by the total number of weeks each plaintiff worked for the Defendants. The Court approves the methodology and, after correcting a multiplication error in Plaintiffs' spreadsheet,[1] determines that plaintiff Bruce Lee is entitled to $9,926.46, plaintiff Kevin Hodge is entitled to $14,062.50, plaintiff Khalil Islam is entitled to $14,482.13, plaintiff Preston Mitchell is entitled to $15,120.00, plaintiff Tyrone

[1] Plaintiff Bruce Lee states in his Declaration that he worked between 41 and 63 hours per week, but rather than averaging that range as with each other plaintiff, the spreadsheet simply sets Mr. Lee's hours per week at 62.5. (See Portesy Aff., Dkt. No. 16 Ex. C at 2; Decl. of Bruce Lee, Dkt. No. 23, at ¶ 8.)

Dobbinson is entitled to 16,100.63, and plaintiff Valerie Lewis is entitled to $5,610.24. See Baltierra v. Advantage Pest Control Co., No. 14 Civ. 5917, 2015 WL 5474093, at *5 (S.D.N.Y. Sept. 18, 2015).

Both the FLSA and NYLL also allow the Plaintiffs to recover liquidated damages in addition to back overtime wages; the FLSA does so to compensate for the delay in plaintiffs receiving the money they earned via their work, while the NYLL does so to punish employers who willfully withhold wages. See Zhen Ming Chen, 2015 WL 5521782, at *6-7. There is a split among courts in this Circuit concerning whether these differing purposes allow plaintiffs suing under both the FLSA and NYLL to recover separate liquidated damages for each claim, see id. at *7, but the Plaintiffs' spreadsheet indicates they seek only a single set of liquidated damages. The spreadsheet also makes clear that the liquidated damages sought are based on the NYLL, since the liquidated damages amount to 100% of unpaid wages after April 12, 2011, the week when the NYLL's liquidated damages percentage was increased, see id. at *8 n.12, but only 25% for unpaid wages prior to that week.[2] The liquidated damages figure is appropriate because Defendants have not demonstrated "a good

[2] By seeking liquidated damages under the NYLL, the Plaintiffs avoid running up against the FLSA's three-year limitations period for willful violations. See 29 U.S.C. § 255(a)) and its prohibition on recovering both liquidated damages and interest. See Yu G. Ke v. Saigon Grill, Inc. 595 F. Supp. 2d 240, 261-62.

faith basis for believing that [the] underpayment of wages was in compliance with the law." N.Y. Labor Law § 198(1-a). Liquidated damages are therefore awarded in the amount of $5,366.94 for plaintiff Bruce Lee, $10,033.13 for plaintiff Kevin Hodge, $10,189.13 for plaintiff Khalil Islam, $7,560 for plaintiff Preston Mitchell, $11,600.63 for plaintiff Tyrone Dobbinson, and $5,468.12 for plaintiff Valerie Lewis.

Plaintiffs also seek prejudgment interest, which is available under the NYLL. See Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008). They calculate the appropriate amounts by taking the midpoint of each individual plaintiff's period of employment and applying the 9% statutory rate of interest from N.Y. C.P.L.R. § 5004 from that point, a practice that other courts in this District have found appropriate. E.g., Kim v. Kum Gang, Inc., No. 12 Civ. 6344, 2015 WL 2222438, at *49 (S.D.N.Y. Mar. 19, 2015). Prejudgment interest is therefore awarded in the amount of $3,041.96 for plaintiff Bruce Lee, $4,309.45 for plaintiff Kevin Hodge, $4,164.34 for plaintiff Khalil Islam, $4,633.52 for plaintiff Preston Mitchell, $4,934.04 for plaintiff Tyrone Dobbinson, and $1,129.50 for plaintiff Valerie Lewis.

Since the Plaintiffs do not include any damage calculations based on their spread-of-hours claim or on Defendants' failure to provide wage statements, they have waived any damages on

those claims.

In support of an application for attorney's fees and costs, which are available under the FLSA and NYLL, Zhen Ming Chen, 2015 WL 5521782, at *11, the Plaintiffs have also submitted a spreadsheet breaking out the work done and expenses incurred by their counsel in drafting the Complaint, serving the Defendants, calculating damages, and preparing the instant motion and its supporting papers. Having reviewed the submission, the amounts alleged appear reasonable, and the Plaintiffs are therefore granted $10,355 to cover attorney's fees and costs of litigation.

In sum, between unpaid overtime wages, liquidated damages under the NYLL, prejudgment interest, and attorney's fees, the Plaintiffs are entitled to a default judgment in the amount of $158,087.73.

## Conclusion

Based on the Defendants' failure to contest the case, the Court grants a default judgment for the Plaintiffs, as set forth above.

It is so ordered.

**New York, NY**
**September 30, 2015**

**ROBERT W. SWEET**
**U.S.D.J.**